NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ODEL ALBERTO SARANTES-MARIN, | No. 21-71051 |
| Petitioner, | Agency No. A206-626-944 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2026**
Pasadena, California

Before: BYBEE and COLLINS, Circuit Judges, and CURIEL, District Judge.***

Petitioner Odel Alberto Sarantes-Marin ("Sarantes") is a native and citizen of

Nicaragua. He seeks review of the Board of Immigration Appeals' (BIA) order

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

dismissing his appeal of an Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He also raises a pair of purported due process violations. We have jurisdiction to review Sarantes' BIA appeal under 8 U.S.C. § 1252. When the BIA adopts and affirms the IJ's decision pursuant to *Matter of Burbano* while also providing its own review of the law and the facts, we review both the IJ's and the BIA's decisions. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020). We review factual findings for substantial evidence and will "uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citation omitted). We review constitutional claims de novo. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021).

1. Substantial evidence supports the BIA's adverse credibility finding and its denial of Sarantes' withholding claim.[1] The BIA affirmed the IJ's finding,

---

[1] The BIA concluded that Sarantes' asylum claim was forfeited and Sarantes does not dispute this conclusion before us. Sarantes contends that the BIA denied him due process when it deemed his withholding of removal and CAT claims forfeited. Although the BIA suggests that Sarantes forfeited these arguments, the BIA addressed both on the merits. It "conclude[d] that [Sarantes] did not meet his burden to establish a credible claim for withholding of removal" and observed that his "request for protection under the CAT is premised on the same set of facts" for which he was found "lacking in credibility." The BIA also found that Sarantes "has not demonstrated on appeal that independent evidence in the record otherwise establishes his eligibility for CAT protection." Because on appeal the Government

2

emphasizing omissions and inconsistencies between Sarantes' statements in his credible fear interview and those he made in his asylum application and during his hearing before the IJ. The BIA particularly highlighted testimony during Sarantes' credible fear interview in which he said that "he would be harmed in Nicaragua not because of his own political opinion but because of his grandfather's role in founding" the Independent Liberal Party (PLI). That statement stands in stark contrast to assertions in his asylum application in which he claimed to be "an active member of the Independent Liberal Party." The BIA also emphasized that Sarantes "omitted from his . . . credible fear interview and sworn statement any reference to the March 2010 beating and demonstration" that he later testified about before the IJ. The BIA found unconvincing Sarantes' explanation that "the interview was short and the asylum officer prevented him from expanding on his answers," particularly because "[t]he record reflects . . . that at the end of the interview, the asylum officer asked [him] whether he suffered any other harm in Nicaragua, and whether he wanted to add anything else to his credible fear claim," to which he "answered negatively." Even if we thought Sarantes' explanations were convincing, we would uphold the BIA's findings. As long as "*any* reasonable adjudicator could have found as the agency did," *Garland v. Ming Dai*, 593 U.S. 357, 368 (2021) (emphasis in

---

does not argue that Sarantes forfeited his withholding and CAT claims, we will review the BIA's decision for substantial evidence.

original), while "[c]onsidering the totality of the circumstances," 8 U.S.C. § 1158(b)(1)(B)(iii), we must conclude that substantial evidence supports the BIA's determination. Sarantes' inconsistencies and omissions are enough for a reasonable adjudicator to doubt his credibility. Substantial evidence supports the agency's conclusion that, apart from his testimony, Sarantes' documentary evidence did not independently establish his eligibility for withholding of removal.

2. Substantial evidence supports the BIA's denial of CAT protection. An applicant for CAT relief must establish that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to h[is] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020); *see* 8 C.F.R. § 208.16(c)(2). The BIA's adverse credibility finding supports its denial of CAT relief, even while an "adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). Apart from his testimony, Sarantes' documentary evidence does not "compel[] the conclusion that [he] is more likely than not to be tortured" if removed to Nicaragua. *Id.* at 1049 (citation omitted); *see Mukulumbutu v. Barr*, 977 F.3d 924, 927–28 (9th Cir. 2020).

3. The BIA did not violate Sarantes' due process right by concluding that the IJ did not behave as an advocate. The record of his hearing before the IJ reflects nothing out of the ordinary. To support his assertion that the IJ behaved as an

4

advocate, he points only to the IJ's supposed "fail[ure] to address" his explanation for significant inconsistencies and omissions that are evident upon comparing his various testimonies. In fact, the IJ did address his explanations, asked him further questions, and gave him opportunity to discuss the flaws in his statements. Sarantes confuses adjudication with advocacy. The IJ asked sound questions and then reached a conclusion that was contrary to Sarantes' preferences. That is activity inherent to the legal process, not a violation of due process.

**PETITION DENIED.**